# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ALLISON HARBIN,** | ) |
|     **Plaintiff,** | ) |
| | ) |
|     **vs.** | )      **2:15-CV-01069-SLB** |
| | ) |
| **ROUNDPOINT MORTGAGE** | ) |
| **COMPANY,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

The case is before the court on Roundpoint's Motion for Judgment as a Matter of Law at the Conclusion of Plaintiff's Evidence, (doc. 194),[1] and Renewed Motion for Judgment as a Matter of Law. (Doc. 209). Defendant contends Plaintiff's claim for negligent misrepresentation fails as a matter of law. For the reasons stated below, the court disagrees. Therefore, Roundpoint's Motion for Judgment as a Matter of Law is due to be denied.

**I.      Standard of Review under Rule 50(b)**

Fed. R. Civ. P. 50(b) states the procedure regarding a party's "renewed motion for judgment as a matter of law" following a jury verdict in the party's case. Because

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

a Rule 50(b) motion is a "renewed" motion, the party filing it must have previously moved the court for judgment as a matter of law under Rule 50(a). *Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 717 n.3 (11th Cir. 2002). Thus, to the extent "a party asserts new grounds in its renewed motion for judgment as a matter of law that it did not assert in its initial motion for judgment as a matter of law, a court 'may not rely on the new grounds to set aside the jury's verdict.'" *Id*. (quoting *Ross v. Rhodes Furniture, Inc.,* 146 F.3d 1286, 1289 (11th Cir. 1998). Rule 50(b) states:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment– or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged–the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
> (2) order a new trial; or
> (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

The Eleventh Circuit has further directed that "in ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir.

2007) (citing *Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir. 2001)). In making that determination, the court "should review all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192-93 (11th Cir. 2004) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 148-51 (2000)). However, it is important to note that "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Id.* at 1193 (quoting *Reeves*, 530 U.S. at 150). Therefore, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* (quoting *Reeves*, 530 U.S. at 151). And, "[i]f reasonable jurors could reach different results, [the court] must 'not second-guess the jury or substitute [its own] judgment for [the jury's] judgment." *Shannon*, 292 F.3d at 715 (quoting *Lipphardt*, 267 F.3d at 1186). In sum, "[t]he jury's verdict must stand unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" Id. (quoting Fed. R. Civ. P. 50(a)(1)).

## II. Relevant Procedural History

In March 2018, the court granted Roundpoint's motion for summary judgment on Plaintiff's breach of contract and fraud claims. (Doc. 69). Plaintiff appealed, (doc. 70), and the Eleventh Circuit remanded this action on a single fraud claim in March

3

2019. (Doc. 75). Following remand and additional discovery, Roundpoint again moved for summary judgment on the fraud claim. (Doc. 82). Summary judgment was denied on November 8, 2019, (doc. 100), and this action went to trial in January of 2022.[2] The jury returned a verdict in Plaintiff's favor and awarded $12,500 in financial damages. (Doc. 201).

In denying Roundpoint's second motion for summary judgment, Judge R. David Proctor noted that, "an issue decided at one stage of a case is binding at later stages of the same case." (Doc. 99 at 6) (quoting *Toole v. Baster Healthcare Corp*, 235 F.3d 1307, 1313 (11th Cir. 2000)). Regarding the law of the case doctrine, the Eleventh Circuit has held,

> both the district court and the court of appeals generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case . . . . However, the law of the case doctrine does not apply to bar reconsideration of an issue when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

*Wheeler v. City of Pleasant Grove,* 746 F.2d 1437, 1440. (11th Cir. 1984). In this action, the Eleventh Circuit held that "a reasonable jury could conclude that [there was] a false representation of existing fact on which Harbin reasonably relied." (Doc. 75-1 at 10). The jury agreed. (Doc. 201).

---

[2] The case was reassigned to the undersigned on February 7, 2020. (Doc. 109).

4

### III. Roundpoint's Argument Under Rule 50(b)

In support of its renewed motion for judgment as a matter of law, Roundpoint contends that (1) "[it] cannot be liable to Plaintiff because it was an agent servicing Harbin's mortgage for its principal, First Guaranty;" (2) "there is no evidence of a false statement;" (3) "Plaintiff did not present sufficient evidence of reasonable reliance to submit the issue to the jury;" and (4) "Plaintiff's claim for negligent misrepresentation fails as a matter of law." (Doc. 209 at 2). In support of these contentions, Roundpoint relies—nearly verbatim—on several of the arguments made in its Second Motion for Summary Judgment. (*Compare* Doc. 83 *with* Doc. 209) (citing the same arguments and authorities in both its motion for summary judgment and motion for judgment as a matter of law). The court will address each of these arguments in turn.

#### A. Roundpoint's Liability to Ms. Harbin

Roundpoint contends its relationship to First Guaranty as an agent servicing Ms. Harbin's mortgage precluded the fraud claim. (Doc. 209 at 3). Roundpoint raised this argument at summary judgment and this court held that Roundpoint's liability was to be determined by a jury. (Doc. 99 at 8-9). As argued in its second motion for summary judgment and again in its present motion, many of the cases cited by Roundpoint are claims of negligent, careless, or wanton mortgage servicing. In its

present motion for judgment as a matter of law, Roundpoint cites additional case law and argues that "[c]ourts in Alabama have found that mortgage servicers are an agent to an agreement and can only incur tort liability by causing personal injury or property damages—not the kind of pure economic loss that the jury found Ms. Harbin suffered." (Doc. 209 at 4-5).

Roundpoint's reliance on this authority is misplaced. The claim in this case was for fraud—not wantonness or negligence. *See, Prickett v. BAC Home Loans,* 946 F. Supp. 2d 1236, 1245 (N.D. Ala. 2013) (holding a wantonness claim could not survive a motion to dismiss with pure economic loss damages); *Givens v. Saxon Mortg. Servs., Inc,* WL 2452891, at *14 (S.D. Ala. June 2, 2014) (holding negligence and wantonness claims cannot survive summary judgment with solely economic damages); *Barnett v. JP Morgan Chase Bank, Nat. Ass'n*, 2013 WL 3242739, at *11 (N.D. Ala. June 26, 2013) (dismissing negligence and wantonness claims because "an agent does not incur tort liability for *economic harm to a third party* that stems from breaching a duty owed to his principal") (emphasis in original); *Forester v. Bank of Am., N.A.*, 2012 WL 3206471, at *5 (S.D. Ala. Aug. 7, 2012) (granting summary judgment on negligence and wantonness claims because "pure economic loss . . . does not suffice").

This case involved a fraud claim and only a fraud claim. The Eleventh Circuit determined that Roundpoint's liability for fraud was a jury question, and after

deliberation, the jury found Roundpoint liable on one of Ms. Harbin's fraud claims. Roundpoint has not presented any new evidence or authority to justify an alteration of the prior rulings regarding its liability.

### B. Evidence of a False Statement

Roundpoint contends there is no evidence of a false statement as Gerstenfeld's statement was literally true. (Doc. 209 at 9). The Eleventh Circuit held on appeal that "[c]onstruing the evidence and drawing all reasonable inferences in Harbin's favor, a reasonable jury could conclude that Gerstenfeld's statement—that the foreclosure had been 'suspended temporarily'—was a false representation of existing fact . . . ." (Doc. 75-1 at 10). As stated by Judge Proctor when ruling on Roundpoint's Second Motion for Summary Judgment, "that is the law of the case." (Doc. 99 at 10).

Roundpoint argues Judge Proctor's reliance on the law of "half-truths" at summary judgment only applies to claims of suppression and therefore "does not 'constitute a misrepresentation actionable under [Alabama] statutes.'" (Doc. 209 at 11-12) (citing *Nobility Homes, Inc. v. Ballentine,* 386 So. 2d 727, 730 (Ala. 1980). The Alabama statute pertaining to fraud states, "[m]isrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." Ala. Code §6-5-101. In accordance with the Alabama

7

statute, Ms. Harbin presented evidence to the jury to support her claim of fraud and the jury found "Mr. Gerstenfeld mistakenly or innocently made a false representation" "that concerned a material existing fact[.]" (Doc. 201 at 2). The jury's verdict was supported by sufficient evidence.

### C. Reasonable Reliance on a False Representation of a Material Fact

Roundpoint next argues that "plaintiff did not present sufficient evidence of reasonable reliance." (Doc. 209 at 15). The court disagrees. Construing the evidence in favor of the plaintiff and drawing all reasonable inferences therefrom, a reasonable jury could find, as the jury did in this case, that Ms. Harbin reasonably relied on Mr. Gerstenfeld's statements.

### D. Plaintiff's Claim for Negligent Misrepresentation as a Matter of Law

Finally, Roundpoint asserts Ms. Harbin's claim fails as a matter of law because (1) Roundpoint did not owe a duty to Ms. Harbin; and (2) Ms. Harbin's claim is barred by contributory negligence. (Doc. 209 at 22). As these arguments were not addressed by the Eleventh Circuit or at summary judgment, the court will address each in turn.

Roundpoint's reliance on *Legg v. Wyeth*, 428 F.3d 1317, 1324 (11th Cir. 2005) to evade liability falls short. (Doc. 209 at 22). While "liability for negligent misrepresentation is predicated upon the existence of a duty[,]" *Legg* concerned the individual liability of the employee—not the corporation. See, *Id.* ("To hold an

8

employee of a corporation personally liable for the negligent acts of the corporation, 'there must have been upon his part such a breach of duty as contributed to, or helped bring about, the injury; that is to say, he must be a participant in the wrongful act.'") (quoting *Crigler v. Salac,* 438 So.2d 1375, 1380 (Ala.1983)). Here, Ms. Harbin did not bring this action against Mr. Gerstenfeld in his individual capacity. The *Legg* case does not warrant judgment as a matter of law for defendant on the plaintiff's fraud claim against Roundpoint.

The remaining authority cited by Roundpoint to support this argument are the same holdings relied upon in its agent-principal argument. As noted above, this court finds Roundpoint has not presented new evidence or authority to set aside the jury's verdict.

Roundpoint next contends Ms. Harbin's "actions and inactions . . . contributed to her harm." (Doc. 209 at 25). Roundpoint states recovery is barred in a negligent misrepresentation claim if the recipient of the misrepresentation "is negligent in so relying." *Id.* (quoting Restatement (Second) of Torts §552 (1997)).  The Eleventh Circuit noted that, "Harbin repeatedly requested confirmation that her understanding was correct and did not receive any contrary information which, through the exercise of ordinary care, would have led her to the 'true facts.'" (Doc. 75-1 at 11). The evidence at trial supported that observation.

9

## IV. CONCLUSION

As the court finds there is sufficient evidence to support the jury's verdict, the jury's verdict must stand. For reasons stated above, Roundpoint's Renewed Motion for Judgment as a Matter of Law, (doc. 208), is **DENIED**.

**DONE** and **ORDERED** this April 8, 2022.

*Sharon Lovelace Blackburn*
_____
**SHARON LOVELACE BLACKBURN**
UNITED STATES DISTRICT JUDGE