UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLISON HARBIN, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 2:15-cv-01069-SLB |
| | } |
| ROUNDPOINT MORTGAGE COMPANY, | } |
| | } |
| Defendant. | } |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiff's Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. (Doc. # 210).

This is a fraud case that was tried to verdict. On February 2, 2022, the jury reached a verdict in Plaintiff's favor on one of the three fraud claims submitted to the jury. (Doc. # 201). The jury found in favor of the Defendant on the other two claims. (*Id*.). The jury awarded Plaintiff $12,500 in financial damages and no damage for mental anguish or punitive damages. (*Id*.). That is, Plaintiff, who seeks a new trial, prevailed on her mistaken or innocent misrepresentation claim at trial.

**I.    Background**

Plaintiff filed her original Complaint in this action on June 25, 2015. (Doc. 1). In that Complaint, Plaintiff asserted one count of Fraud. (Doc. 1 at 7). Within that one count, Plaintiff alleged that "omissions and misrepresentations were made with the knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false []." (Doc. 1 at 7, ¶ 51).

1

On September 6, 2016, Plaintiff filed a First Amended Complaint. (Doc. 29). Plaintiff again asserted one fraud count. (Doc. 29 at 9-10). Plaintiff again alleged that "omissions and misrepresentations were made with the knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false." (Doc. 29 at 10, ¶ 72).

On the eve of the first trial setting in late 2021, Plaintiff moved for leave to amend her complaint to assert a suppression claim in addition to her one misrepresentation claim. This court denied leave to amend because (1) Plaintiff had failed to address a suppression claim in response to Defendant's Motion for Summary Judgment, and on appeal, and (2) Plaintiff had repeatedly and expressly abandoned any such claim. (Doc. # 171). Nonetheless, Plaintiff was allowed to submit three misrepresentation claims to the jury: (1) intentional misrepresentation, (2) reckless misrepresentation, and (3) mistaken or innocent misrepresentation. (Doc. # 201).

**II.     Legal Standard**

Under Rule 59(a), a court may grant a motion for a new trial on all or some issues, "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Eleventh Circuit, however, "permits a district court to order a new trial only under extremely narrow circumstances." *Gonzalez v. Batmasian*, 2017 WL 3055009, at *1 (S.D. Fla. July 19, 2017) (Middlebrooks, J.). That is, "[i]t may do so when 'the verdict is against the clear weight of the evidence or will result in a miscarriage of justice.'" *Id*. (citing *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). Under Rule 59, the standard is more flexible than the standard under Rule 50 and the court is free to independently weigh the evidence itself. *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982). However, in order to find in the movant's favor, the Court "must find the verdict contrary to the great, and not merely the greater, weight of the evidence." *Id.*; *see also Tucker v. Hous. Auth. of*

*Birmingham Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007) ("[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence."). Ultimately, however, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F. 3d 1282, 1295 (11th Cir. 1999).

### III.    Discussion

Plaintiff asserts the following grounds for a new trial:

A.    The verdict was a compromise verdict;

B.    The verdict is inconsistent;

C.    The damages awarded are against the great weight of the evidence;

D.    The court improperly struck juror 18 for cause;

E.    The court improperly prohibited evidence necessary to prove intentional fraud;

F.    The court denied the suppression claim and failed to charge the jury on half-truths;

G.    The jury instructions and the verdict form directed the jury to consider only Gerstenfeld's actions and state of mind rather than those of the Defendant RoundPoint;

H.    The court erroneously charged the jury on causation and damages; and

I.    The court required a sidebar for impeachment of RoundPoint's Representative.

After careful review of the evidence, the court finds no occasion to disturb the jury's verdict: the jury's verdict is not contrary to the great weight of the evidence.

### A.    The verdict was not a compromise verdict.

Plaintiff argues that the verdict is a compromise verdict because "[t]he jury compromised the financial damages." (Doc. # 210 at 12). Plaintiff asserts that "[t]he trial evidence set the minimum threshold for financial damages" and that any departure necessarily means the verdict was a compromise. (*Id.*). This assertion is completely without merit.

Plaintiff was able to present evidence that there was a March 2015 appraisal of the subject house of $147,000, but that it only sold at the foreclosure sale for $124,560.16. "Therefore, [Plaintiff argues,] the evidence established a minimum financial loss to Plaintiff of [] $22,439.84." (*Id.* a 13). However, the jury also heard evidence that, for the period of time before the foreclosure sale, Plaintiff was rarely current on her mortgage payments. They also heard evidence that for *years* after the foreclosure sale, Plaintiff retained possession of the house without making any further payments. That is, the jury heard that Plaintiff was able to live in the house for free. It was well within the jury's discretion to offset any proven financial damages by assigning some dollar value to the benefit of retaining possession of the house without paying for it. The jury's questions reveal nothing more than the fact that they worked hard to reach an appropriate verdict. Therefore, Plaintiff's argument that the verdict was a compromise verdict simply because the jury did not award her the entire difference between the appraisal and the amount of the sale is baseless.

### B. The verdict is not inconsistent.

Plaintiff argues that "[t]he jury's verdict was inconsistent in finding 'no' to subparts a through e of the special interrogatories 1 and 2, but then finding 'yes' to subparts a through e of special interrogatory 3." (*Id.* a 21). The court is cognizant that, at first blush, this might appear inconsistent. However, it is patently obvious that on special interrogatories 1 and 2, once the jury answered "no" to the first question, they proceeded to answer "no" to the following questions under that interrogatory because the following questions are dependent on the answer to the first question. Thus, when the jury finally answered "yes" to the first questions on the third fraud claim, they were able to independently consider the other dependent questions. Therefore, Plaintiff's argument that the verdict is inconsistent is without merit.

### C. The damages awarded are not against the great weight of the evidence.

For the same reasons the verdict was not a compromise verdict, the damages are not against the great weight of the evidence. That is, it was well within the jury's discretion to offset any proven financial damages by assigning a dollar value to the benefit of retaining possession of the house without paying for it. Therefore, Plaintiff's argument that damages are against the great weight of the evidence is without merit.

### D. Juror 18 was not reached.

Plaintiff argues that it was error to exclude Juror 18 for cause. Plaintiff notes only that Juror 18 responded "that she (or a family member) had a negative experience with a mortgage company" and Plaintiff argues this was insufficient to strike her for cause. There was, in fact, much more to Juror 18's answers which indicated potential bias. But regardless, if there was any error in striking Juror 18 for cause, it was harmless. The court placed on the jury the first eight jurors not struck. After considering the parties' peremptory strikes, the last juror placed on the jury was juror 16. Therefore, the fact that Juror 18 was stricken for cause did not prejudice Plaintiff in any way.

### E. Evidence necessary to prove intentional fraud was allowed

Plaintiff was given ample opportunity to present evidence regarding the claims on which the case was tried. Plaintiff was merely prohibited from presenting evidence which went to her negligence claims which had been dismissed. And, that dismissal was affirmed on appeal. Therefore, Plaintiff's argument that the court improperly limited the evidence of intent is without merit.

### F.      Plaintiff abandoned any suppression claim

Plaintiff repeatedly and expressly abandoned any suppression claim. (*See* Doc. # 171). The Eleventh Circuit has explained that "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (quoting *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001)); *see also see Boone v. City of McDonough*, 571 F. App'x 746, 751 (11th Cir. 2014) (finding claim abandoned when it was in the complaint but not argued at the summary judgment stage).

This is not a case where the court simply deemed the suppression claim abandoned because Plaintiff failed to address the claim in response to Defendant's motion for summary judgment. Rather, here, Plaintiff *explicitly* and *repeatedly* disclaimed any intention of asserting a suppression claim in this case. To quote Plaintiff, "This case is about an affirmative representation, not suppression" (Doc. 95 at 35); "Harbin's claim is for simple fraud, not suppression" (*Id.*); "Harbin does not have a suppression claim" (*Id.*); "[t]he Eleventh Circuit [] concluded that the claim for suppression had not been preserved." (*Id.* at 6).

The court properly denied Plaintiff the opportunity to present a suppression claim, and properly instructed the jury on the law applicable to the three types of misrepresentation claims submitted to the jury. Therefore, Plaintiff's argument that the court wrongfully denied the suppression claim and failed to charge the jury on half-truths is without merit.

### G.      Gerstenfeld's actions versus RoundPoint's Actions

Plaintiff argues that the "verdict should be set aside and a new trial granted because the verdict form [and the jury instructions] directed the jury to consider only Gerstenfeld's actions and state of mind rather than those of the Defendant RoundPoint." (Doc. # 210 at 38, 40).

Plaintiff's argument ignores the court's jury instructions and the verdict form itself. The beginning of the jury instructions instructed that "[w]hen these Instructions refer to Daniel Gerstenfeld, you should interpret that as referring to Defendant Roundpoint." The first substantive line of the verdict form states: "As I stated in my instructions on the law, when this Verdict Form refers to Daniel Gerstenfeld, you should interpret that as referring to Defendant Roundpoint." (Doc. # 201). The only misrepresentations at issue in the case were made by Gerstenfeld. The only relevant intent was Gerstenfeld's in making the statements at issue.

However, the court also allowed Plaintiff the opportunity to present evidence regarding the difference between the terms "postponed" and "temporarily suspended" as used at RoundPoint. The court made it clear that for all intents and purposes, Gerstenfeld and RoundPoint were interchangeable. Therefore, Plaintiff's argument that the court improperly instructed the jury to consider only Gerstenfeld's actions and state of mind rather RoundPoint's is without merit.

### H.   The court properly charged the jury on causation and damages

Plaintiff argues that the causation standard is relaxed for intentional torts, such a fraud. The court's instruction to the jury on causation was fully consistent with Alabama's pattern jury instruction. Alabama Pattern Jury Instruction 33.00 provides a concise definition of proximate cause: "The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred." This court instructed the jury that "conduct caused the harm if (1) the conduct naturally and probably brought about the harm and (2) the harm would not have happened without the conduct." Damages for fraud must still be proximately caused by the defendant's actions. *See Rodopoulos v. Sam Piki Enterprises, Inc.*,

570 So. 2d 661, 666 (Ala. 1990), *as modified on denial of reh'g* (Nov. 21, 1990); *Super Valu Stores, Inc. v. Peterson*, 506 So.2d 317 (Ala.1987) (the proximate cause standard is applicable to damages awards in fraud cases). Therefore, Plaintiff's argument that the court instructed on too strict a causation standard is without merit.

### I. The sidebar requirement with RoundPoint's representative was not prejudicial

In between the time RoundPoint's original corporate representative, Fink, was deposed in January 2017, and the trial starting in January 2022, he left the company. Therefore, RoundPoint was allowed a substitute corporate representative at trial. Plaintiff was allowed the opportunity to depose the new representative, McGee.

Plaintiff sought to impeach McGee with Fink's prior testimony. Based on the court's evaluation of the parties' respective deposition designations, the court required Plaintiff to request a sidebar before attempting to impeach McGee with Fink's prior testimony to ensure that any such impeachment was on point. After this method was followed for a period of time at trial, Plaintiff objected. The court was hesitant to allow unfettered impeachment of McGee with Fink's testimony because, frequently, the alleged impeachment testimony was not on point. Nonetheless, after Plaintiff objected at a break during trial, the court no longer required the sidebar. Rather the court instructed Defendant to object if the purported impeachment was off the mark. Viewing the trial testimony as a whole, the court does not believe that Plaintiff was unfairly prejudiced. Indeed, the jury found in her favor on one aspect of her fraud claim. Therefore, this objection is without merit.

## IV. Conclusion

For all of the foregoing reasons, the court concludes that Plaintiff has failed to establish that the jury's verdict was against the greater weight of the evidence or will result in a miscarriage of justice. Therefore, Plaintiff's Motion for New Trial (Doc. # 210) is **DENIED**.

**DONE** and **ORDERED** this April 8, 2022.

*Sharon Lovelace Blackburn*

**SHARON LOVELACE BLACKBURN**
UNITED STATES DISTRICT JUDGE