UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLISON HARBIN, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:15-cv-01069-SLB |
| ROUNDPOINT MORTGAGE COMPANY, | } |
| Defendant. | } |

# MEMORANDUM OPINION AND ORDER

This matter is before the court on (1) Plaintiff's Motion to Tax Costs and Request for Pre-Judgment Interest (Doc. # 202), and (2) RoundPoint's Motion for Taxation of Costs (Doc. # 206). RoundPoint responded to Plaintiff's Motion (Doc. # 205), but Plaintiff did not responded to RoundPoint's Motion. (*See* Doc. # 207). In its opposition to Plaintiff's Motion, RoundPoint relies on 28 U.S.C. § 1332(b) to argue that Plaintiff's Motion should be denied because Plaintiff recovered less than the $75,000 jurisdictional amount needed to bring a case in in this court based on diversity jurisdiction. (Doc. # 205). Based upon this same reasoning, Defendant also filed its own Motion to recover its costs from Plaintiff. (Doc. # 206).

    **I.**    **Taxation of Costs**

Rule 54(d)(1) sets out the general procedure for awarding costs under the Federal Rules, stating that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While Rule 54(d) provides that a prevailing party is entitled to recover its costs as a matter of course, 28 U.S.C. § 1920 enumerates the costs that may be taxed. *See Crawford Fitting Co. v.*

*J.T. Gibbons, Inc*., 482 U.S. 437, 441-2 (1987); 28 U.S.C. § 1920. Congress has provided that the following expenses may be taxed as costs:

> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed of electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)   Docket fees under section 1923 of this title;
>
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  In addition, § 1924 requires that:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.
>
> 28 U.S.C. § 1924.

The Eleventh Circuit has made clear that, "[u]nder Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Matthews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.,* 249 F.3d 1293, 1296 (11th Cir. 2001)). However, there is another statute, 28 U.S.C. § 1332(b), that limits a prevailing party's entitlement to recover costs. It provides in pertinent part: "where the plaintiff ... is finally adjudged to be entitled to recover less than the sum or value of $75,000, [] the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff." 28 U.S.C. § 1332(b). "[W]here the statute applies, the court may, or may not, deny the prevailing party its costs, or shift those costs to the non-prevailing party." *Crisp v. Islamorada*

*Partners, LLC*, 2012 WL 13015036, at *2 (S.D. Fla. Sept. 10, 2012), *report and recommendation adopted sub nom. Crisp v. Islamorada Partner, LLC*, 2012 WL 13015037 (S.D. Fla. Sept. 25, 2012).

"Courts that have considered the exercise of discretion under § 1332(b) where [the amount] plaintiffs have recovered was less than the jurisdictional amount, have concluded that they should recover their costs so long as they were acting in good faith when they invoked diversity jurisdiction and claimed the jurisdictional amount." *Crisp*, 2012 WL 13015036, at *2 (Citing *Bowdren v. Abbott Bamboo, Inc.*, 2011 WL 4983473, *2 (D.N.J. Oct. 17, 2011); *Weseloh-Hurtig v. Hepker*, 152 F.R.D. 198, 200 (D. Kansas 1993); *Kinsey v. Weatherly*, 572 F. Supp. 841, 844 (N.D. Ga. 1983) (quoting legislative history of § 1332(b): "in deciding whether to deny costs and/or impose costs on the plaintiff, the court will undoubtedly take into consideration whether the amount claimed was made in good faith or whether it was made simply to get into Federal Court.")).

Although Plaintiff did not file an affidavit substantiating her costs, her counsel included an itemization in her Motion, and signed it subject to Federal Rule of Civil Procedure 11. Plaintiff seeks recovery of the following costs:

1. $2,186.40 in deposition and transcript costs;
2. $7,306 in photocopying costs; and
3. $1,405 in filing and court fees.

(Doc. # 202 at 2-3). RoundPoint asks that the court exercise its discretion to deny Plaintiff's request for costs (Doc. # 205 at 3), and further requests that the court award it its costs (Doc. # 206). The court notes the following regarding Plaintiff's claimed costs.

First, Plaintiff seeks to recover for the filing/removal fee for a case other than this case.[1] Plaintiff cannot recover the filing fee to remove a separate ejectment action against a different party. Therefore, the court will deduct $400 from the request for filing and court fees. The court will allow recovery of the appellate filing fee because Plaintiff prevailed in part on appeal.

Second, Plaintiff seeks $.25 per page in copying costs for in house copying. This is excessive. "Courts in this district have found an in-house copying rate of $0.10 per page to be reasonable." *Espinoza v. Target Corp.*, 2021 WL 3550780, at *6 (S.D. Fla. Aug. 11, 2021) (citing, *e.g. Blanco v. TransAtlantic Bank*, 2009 WL 2834947, at *2 (S.D. Fla. June 11, 2009) (holding that a rate of $0.25 per page copied in-house was excessive and finding that $0.10 per page was reasonable)). Here, the court will allow a rate of $.15 per page.

Therefore, Plaintiff's revised recoverable costs are:

1. $2,186.40 in deposition and transcript costs;
2. $4,383.00 in photocopying costs; and
3. $905.00 in filing and court fees.

That is, appropriate recoverable costs total $7,474.40. (Doc. # 202).

It is also appropriate, however, to consider § 1332(b). Although Plaintiff was nominally the prevailing party at trial, the extent of her success was limited. RoundPoint points out that Plaintiff recovered less than 17% of the $75,000 jurisdictional amount, and approximately 1% of the $1.1 million she asked the jury to award her.

In analogous cases where the prevailing party is entitled to an award of attorney fees, Eleventh Circuit precedent is clear that the court may consider adjusting the requested attorney's fee to reflect "attorney success or lack thereof." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846

---

[1] This case was filed directly in this court and the court will allow recovery of that filing fee.

F.3d 1159, 1164 (11th Cir. 2017) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988)). The Eleventh Circuit explained its rationale as follows:

> In *Hensley v. Eckerhart*, a civil-rights case involving attorneys' fees awarded under 42 U.S.C. § 1988, the Supreme Court held that the lodestar amount—which is "[t]he product of reasonable hours times a reasonable rate"—may be adjusted downward depending on the "results obtained." 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (internal quotation marks omitted). When the prevailing party achieved only a "partial or limited success," the lodestar figure "may be an excessive amount" because "the *most critical factor is the degree of success obtained.*" *Id.* at 436, 103 S.Ct. 1933 (emphasis added). Moreover, when the district court "reduce[s] the award to account for the limited success[,] [t]he court necessarily has discretion in making this equitable judgment." *Id.* at 436–37, 103 S.Ct. 1933.

*United States v. Everglades Coll., Inc.*, 855 F.3d 1279, 1292 (11th Cir. 2017).

The court finds it appropriate to consider the extent of Plaintiff's success in assessing the amount of costs she may recover. Because Plaintiff had limited success at trial, the court will reduce the award of costs in a manner reflecting the extent of Plaintiff's success.

Turning to RoundPoint's Motion for Taxation of Costs, RoundPoint argues that this court should award it costs simply because Plaintiff recovered only a fraction of the court's jurisdictional threshold. (Doc. # 206 at 2-3). However, RoundPoint makes no argument that Plaintiff invoked this court's jurisdiction in bad faith. (*See, Id., generally*). Based on its own review of the record, the court concludes that Plaintiff appears to have been "acting in good faith when she invoked the diversity jurisdiction of this court and claimed the jurisdictional amount." *Crisp*, 2012 WL 13015036, at *2. Therefore, although the court will reduce the costs to be awarded to Plaintiff, it does not believe awarding costs to Defendant is justified in this case.

## II.     Prejudgment Interest

"In diversity cases, [w]hether a successful claimant is entitled to prejudgment interest is a question of state law.'" *Sos v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 5534483, at *6 (M.D.

5

Fla. July 8, 2020) (quoting *Chavez v. Mercantil Commerce Bank, N.A.*, 601 F. App'x 814, 815–16 (11th Cir. 2015)). Under Alabama law, "an award of prejudgment interest is proper only if compensatory damages are certain or capable of being made certain." *Braswell v. Conagra, Inc.*, 936 F.2d 1169, 1177 (11th Cir. 1991) (applying Alabama law).

This court finds that Plaintiff's damages were not "capable of being ascertained with 'ease and certainty' or by 'a simple mathematical computation'" as is required by Alabama law before prejudgment interest can be awarded. *Ballard v. Lee A. McWilliams Construction, Inc.*, 2018 WL 670459, *2 (Ala. Civ. App. Feb. 2, 2018) (quoting *Lapeyrouse Grain Corp. v. Tallant*, 439 So.2d 105, 112 (Ala. 1983)); *see also Kennedy v. Polar–BEK & Baker Wildwood Partnership*, 682 So.2d 443 (Ala. 1996) (there could be no sum certain, as required by § 8–8–8, when the sum itself does not present itself until after the jury deliberates.); *Health Care Authority of City of Huntsville v. Madison County*, 601 So.2d 459 (Ala. 1992) (denying pre-judgment interest where the sum in question did not become certain until the trial court's final judgment).

In this fraud case, there was no way of knowing a sum certain in damages until the jury decided to award a particular amount. There were claimed damages, and there was evidence that Plaintiff received an offsetting benefit of living in a house without paying for it. Moreover, as discussed above, Plaintiff was awarded *far* less than the amount she requested that the jury award her – $1.1 million. She was even awarded substantially less than the court's $75,000 jurisdictional threshold. Under these circumstances, Plaintiff is not entitled to prejudgment interest. *See Fed. Ins. Co. v. Dean Const. Co.*, 432 F. Supp. 2d 1256, 1261 (M.D. Ala. 2006) (denying prejudgment interest where "there was no way of knowing a sum certain until the jury decided one" and "the actual sum turned out to be far less than the total asked for by [the plaintiff].").

6

### III.  Conclusion

For all of the reasons set forth above, it is **ORDERED** as follows:

1. Plaintiff's Motion to Tax Costs and Request for Pre-Judgment Interest (Doc. # 202) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** to the extent that a portion of Plaintiff's costs will be taxed against RoundPoint. It is **DENIED** to the extent that not all requested costs will be awarded, nor will prejudgment interest be awarded.

2. RoundPoint's Motion for Taxation of Costs (Doc. # 206) is **DENIED**.

3. Plaintiff **SHALL** recover from RoundPoint 50% of her appropriate recoverable costs of $7,474.40, or $3,737.20..

4. **Costs are TAXED against RoundPoint in the amount of $3,737.20.**

**DONE** and **ORDERED** this April 8, 2022.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
UNITED STATES DISTRICT JUDGE